| PROB 22 (Rev. 2/88) | DOCKET NUMBER *(Tran. Court)* |
|---|---|
| | 1:18cr20-WKW-03 |
| **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Rec. Court)* |
| | 19-20052-TP-MARTINEZ |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | Middle District of Alabama | Southern |
| | NAME OF SENTENCING JUDGE | |
| TRAVIS IAN WELLS | Honorable W. Keith Watkins | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
| | | 12/21/2018 | 12/20/2021 |

| OFFENSE |
|---|
| Count 1--Conspiracy to Commit Wire Fraud, 18 U.S.C. §§ 1343 and 1349 |

FILED BY _____ **YR** ____ D.C.

*Aug 19, 2019*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

| PART 1 - ORDER TRANSFERRING JURISDICTION |
|---|

| UNITED STATES DISTRICT COURT FOR THE | **MIDDLE** | DISTRICT OF | **ALABAMA** |
|---|---|---|---|

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

7/22/19
*Date*

W. Keith Watkins
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

| PART 2 - ORDER ACCEPTING JURISDICTION |
|---|

| UNITED STATES DISTRICT COURT FOR THE | **SOUTHERN** | DISTRICT OF | **FLORIDA** |
|---|---|---|---|

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

8-8-19
*Effective Date*

*United States District Judge*

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

Middle District of Alabama

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|

**v.**

WO

**TRAVIS IAN WELLS**

Case Number: 1:18cr20-WKW-03

USM Number: 17438-002

**Date of Original Judgment:** 7/3/2018

*(Or Date of Last Amended Judgment)*

William Wayne Whatley

Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the Indictment on 3/20/18

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18§1343 &18§1349 | Conspiracy to Commit Wire Fraud | 11/19/2017 | 1 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   2-5 of the Indictment   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/27/2018

Date of Imposition of Judgment

/s/ W. Keith Watkins

Signature of Judge

W. Keith Watkins,                    Chief US District Judge

Name and Title of Judge

7/10/2018

Date

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  7

DEFENDANT: TRAVIS IAN WELLS
CASE NUMBER: 1:18cr20-WKW-03

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Fifteen (15) Months. This term of imprisonment is to be served concurrently with any term of imprisonment that defendant receives in Coffee County, AL.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends defendant be designated to a facility as near Miami, FL as possible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
                      Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:   TRAVIS IAN WELLS
CASE NUMBER:  1:18cr20-WKW-03

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 Years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
    Sheet 3A — Supervised Release

Judgment—Page   4   of   7

DEFENDANT: TRAVIS IAN WELLS
CASE NUMBER: 1:18cr20-WKW-03

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature             Date

AO 245B(Rev. 02/18)  Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment— Page   5   of   7

DEFENDANT:  TRAVIS IAN WELLS
CASE NUMBER:  1:18cr20-WKW-03

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall provide the probation officer any requested financial information.

2) The defendant shall not incur new credit charges or open additional lines of credit without approval of the Probation Officer unless in compliance with the payment schedule.

3) The defendant shall complete 20 hours community service at a time and location approved by the United States Probation Office in South Florida.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page    6    of    7

DEFENDANT: TRAVIS IAN WELLS
CASE NUMBER: 1:18cr20-WKW-03

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 | $ 134.82 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| BOK Financial Corporation | | $134.82 | |
| on behalf of the Bank of Texas | | | |
| ATTN: Keith Parsons | | | |
| P.O. Box 2300 | | | |
| Tulsa, OK 74192 | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 134.82 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☑ the interest requirement is waived for the    ☐ fine    ☑ restitution.

     ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments

DEFENDANT: TRAVIS IAN WELLS
CASE NUMBER: 1:18cr20-WKW-03

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $  234.82  due immediately, balance due

      ☐  not later than _____ , or
      ☑  in accordance with ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:
      *All criminal monetary payments are to be made to the Clerk, United States District Court, Middle District of Alabama, Post Office Box 711, Montgomery, Alabama 36101. Any balance of restitution remaining at the release of imprisonment shall be paid in full within 90 days. The amount of restitution owed by this Defendant to victim BOK Financial Corporation on behalf of the Bank of Texas is $134.82. The victim is not entitled to compensation in excess of his/her/its loss. To the extent that other Defendants are ordered in this case or in any other case to be responsible for some or all of the restitution amount owed to the victim, the victim is entitled to only one recovery, from whomever received. Related cases/defendants: 1:18cr20-WKW/ Leonard Anthony Maitland and Nathaniel Louis Philon

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    See Section F above.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
    (a) Apple iPhone, Model A 1897, serial number F2LVMWUBJCM2; (b) Apple iPhone, Model A 1897, serial number F2LVMZDHJCM2; and (c) $11,040.00, representing balance contained on Green DOT Bank prepaid debit/gift cards

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Middle District of Alabama

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | WO |
| TRAVIS IAN WELLS | Case Number:  1:18cr20-WKW-03 |
| | USM Number:  17438-002 |
| | William Wayne Whatley |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 of the Indictment on 3/20/18

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18§1343 &18§1349 | Conspiracy to Commit Wire Fraud | 11/19/2017 | 1 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    2-5 of the Indictment    ☐ is    ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/27/2018
Date of Imposition of Judgment

/s/ W. Keith Watkins
Signature of Judge

W. Keith Watkins, Chief United States District Judge
Name and Title of Judge

7/3/2018
Date

AO 245B (Rev. 02/18)  Judgment in Criminal Case
                     Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___7___

DEFENDANT:  TRAVIS IAN WELLS
CASE NUMBER:  1:18cr20-WKW-03

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total
term of:

Fifteen (15) Months. This term of imprisonment is to be served concurrently with any term of imprisonment that defendant
receives in Coffee County, AL.

☑  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends defendant be designated to a facility as near Miami, FL as possible.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
                 Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:   TRAVIS IAN WELLS
CASE NUMBER:   1:18cr20-WKW-03

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 Years.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

          ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.    ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
    Sheet 3A — Supervised Release

Judgment—Page    4    of    7

DEFENDANT: TRAVIS IAN WELLS
CASE NUMBER: 1:18cr20-WKW-03

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature                                                   Date

AO 245B(Rev. 02/18)   Judgment in a Criminal Case
                Sheet 3D — Supervised Release

Judgment—Page    5    of    7

DEFENDANT:  TRAVIS IAN WELLS
CASE NUMBER:  1:18cr20-WKW-03

## SPECIAL CONDITIONS OF SUPERVISION

1)  The defendant shall provide the probation officer any requested financial information.

2)  The defendant shall not incur  new credit charges or open additional lines of credit without approval of the Probation Officer  unless in compliance with the payment schedule.

3)  The defendant shall complete 20 hours community service at a time and location approved by the United States Probation Office in South Florida.

Judgment — Page    6    of      7

DEFENDANT: TRAVIS IAN WELLS
CASE NUMBER: 1:18cr20-WKW-03

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment\*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | **$** 100.00 | **$** 0.00 | **$** 0.00 | **$** 134.82 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| BOK Financial Corporation | | $134.82 | |
| on behalf of the Bank of Texas | | | |
| ATTN: Keith Parsons | | | |
| P.O. Box 2300 | | | |
| Tulsa, OK 74192 | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | **$**      0.00 | **$**      134.82 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☑ the interest requirement is waived for the    ☐ fine    ☑ restitution.

     ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:  TRAVIS IAN WELLS
CASE NUMBER:  1:18cr20-WKW-03

Judgment — Page <u>7</u> of <u>7</u>

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ <u>234.82</u>  due immediately, balance due

     ☐  not later than _____ , or
     ☑  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:
    All criminal monetary payments are to be made to the Clerk, United States District Court, Middle District of Alabama, One Church St.,
    Montgomery, Alabama 36104. Any balance of restitution remaining at the release of imprisonment shall be paid in full within 90 days. The
    amount of restitution owed by this Defendant to victim Crime Victim Fund is $134.82.  The victim is not entitled to compensation in excess of
    his/her/its loss.  To the extent that other Defendants are ordered in this case or in any other case to be responsible for some or all of the
    restitution amount owed to the victim, the victim is entitled to only one recovery, from whomever received.
    Related cases/defendants: 1:18cr20-WKW/ Leonard Anthony Maitland and Nathaniel Louis Philon

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

    See Section F above.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
    (a) Apple iPhone, Model A 1897, serial number F2LVMWUBJCM2; (b) Apple iPhone, Model A 1897, serial number
    F2LVMZDHJCM2; and (c) $11,040.00, representing balance contained on Green DOT Bank prepaid debit/gift cards

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine
interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:18-cr-20-WKW |
| | ) | |
| TRAVIS IAN WELLS | ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL**: William Whatley

**ASSISTANT U.S. ATTORNEY**: Denise O. Simpson

## COUNT AND STATUTE CHARGED:

**Count 1**: 18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud.

**Count 2-4:** 18 U.S.C. § 1343 and 2 - Wire Fraud Aiding and Abetting.

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

**Count 1**: 18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud.

## PENALTIES BY COUNT - MAXIMUM PENALTY:

**Count 1**: 30 years imprisonment
$1,000,000 fine or, if greater, twice the loss to victims or gain to the offender
5 years supervised release
Restitution
$100 assessment fee

## ELEMENTS OF THE OFFENSE:

**Count 1**: **18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud**

First: Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit a fraud crime listed in Title 18 Chapter 63, as charged in the indictment (wire fraud); and

Second: The defendant knew the unlawful purpose of the plan and willfully joined in it.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Denise O. Simpson, Assistant United States Attorney, and William Whatley, attorney for the Defendant, pursuant to the provisions of Rule 11(c)(1)(B) and Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and Rule 11(c)(1)(A), and the parties understand that any recommendations in this plea agreement are not binding on the Court.

## GOVERNMENT'S PROVISIONS

1. The Government agrees to the following:

   a. Under U.S.S.G § 2B1.1(a), the base offense level for Conspiracy to Commit Wire Fraud,18 U.S.C. § 1349, is a level 7.

   b. The United States will agree that a 2-level decrease in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the Defendant's acceptance of responsibility is appropriate, so long as between the date of this agreement and the date of sentencing, the Defendant does not obstruct justice, commit any new federal or state offense, or otherwise fail to accept responsibility for the offense conduct. Should the United States find the Defendant assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the United States will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the Defendant met the Defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

2

c. The United States will agree, pursuant to Fed. R. Crim. P. 11(c)(1)(A), to not bring additional charges associated with the Defendant's criminal activities known to the Government regarding the crimes for which he was charged in the Indictment, and dismiss any pending charges in the Indictment against the Defendant. This provision shall not include any other criminal conduct unknown to the Government involving any other criminal activities outside the Superseding Indictment.

d. The parties have reached no agreement on any other Guidelines issues. Both parties reserve the right to argue for any variances or departures as they deem appropriate.

e. The United States agrees with Defendant that this plea agreement contains all of the terms, conditions, stipulations, and sentencing provisions to which the United States and Defendant agree.

2. The United States makes no representation regarding the Defendant's criminal history category which will be determined solely by the United States Probation Office.

3. The United States reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the Defendant's background.

## DEFENDANT'S PROVISIONS

4. The Defendant agrees to the following:

a. To plead guilty to Count 1 of the Indictment.

b. Not commit any State, local or federal offenses.

c. To waive appeal and collateral attack as detailed below.

d. Agrees to restitution and forfeiture judgment in an amount of 11,040.

## FACTUAL BASIS

5. The Defendant admits the allegations charged in Count 1 of the Indictment and

3

understands that the nature of the charge to which the plea is offered involves proof as to Count 1 of the Indictment which is in violation of Title 18, United States Code, Section 1349. Specifically, the Defendant admits the following to be true and correct:

a. Beginning on a date unknown in 2016 through and until November 19, 2017, the Defendant and the co-defendants agreed to engage in a scheme commit Wire Fraud in violation of 18 U.S.C. § 1343.

b. As part of this scheme, the Defendant, TRAVIS IAN WELLS, and the co-Defendants would visit Walmart stores in the Middle District of Alabama and elsewhere which sold pre-paid credit/debit cards to purchase multiple pre-paid credit/debit cards. TRAVIS IAN WELLS and the co-Defendants would purchase these cards using a debit or credit card at the Wal-Mart point of sale register. TRAVIS IAN WELLS and the co-Defendants used debit or credit card information that they were not lawfully authorized to use or possess.

c. After they purchased the pre-paid credit/debit cards were purchased, TRAVIS IAN WELLS and the co-Defendants and others would re-encode these cards with unauthorized or otherwise illegal financial account information. Once the cards were re-encoded, TRAVIS IAN WELLS and the co-Defendants and others would make unauthorized cash withdrawals and purchases.

d. The interstate wires were used because all Wal-Mart credit or debit card transactions are processed through a processor located in either Arizona, Nebraska, Missouri, or Arkansas. Walmart does not have any processing centers in the state of Alabama. Interstate wires were also used because the financial institutions affected in this case had credit/debit card processing centers in the state of Alabama. Therefore, interstate commerce was affected in order for these interstate transactions to take place.

w. The Defendant knew the unlawful purpose of the scheme and willfully joined in it.

4

## 18 U.S.C. § 3553(a) FACTORS

6.      The Defendant acknowledges that counsel for the Defendant has conferred with the Defendant prior to the signing of this plea agreement and advised the Defendant that the Court, at sentencing, will consider the factors set forth in 18 U.S.C. §3553(a), and explained to the Defendant each of those factors specifically including (1) the nature and circumstances of the offense and the history characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the kinds of sentences available; (6) the need to avoid unwanted sentencing disparities; and, (7) the need to provide restitution to victims.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

7.      Understanding that 18 U.S.C. §3742 provides for appeal by a defendant of the sentence under certain circumstances, the Defendant expressly waives any and all rights conferred by 18 U.S.C. §3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground, and waives the right to attack the conviction and sentence in any post-conviction proceeding, including §2255 proceedings and probation revocation hearings. This waiver does not include the right to appeal or seek collateral review on the ground of ineffective assistance of counsel or prosecutorial misconduct. In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

8.      The Defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.      The discussions between the attorney for the United States and the attorney for the Defendant towards reaching an agreed plea in this case have taken place with the Defendant's authorization and consent.

5

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that Defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the Defendant.

c. The Defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the Defendant on the date of sentencing. The Defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The Defendant further understands that by completing the financial statement, the Defendant is representing that it is true and accurate to the best of the Defendant's information, knowledge, and belief.

d. The Defendant understands that the Defendant has a right to be represented by an attorney at every stage of the proceedings against the Defendant herein and is represented by the Defendant's undersigned attorney.

e. The Defendant understands that the Defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the Defendant, the right to call witnesses in the Defendant's own behalf, and the right not to be compelled to incriminate the Defendant, and that if the Defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the Defendant waives the right to a trial by jury or to a trial before the Court.

f. The Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the Defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

6

g.    The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the Defendant as a result thereof is voluntary on the Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The Defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the United States and the attorney for the Defendant, all conducted with the Defendant's authorization, knowledge, and consent.

h.    The Defendant further advises the Court that the Defendant's understanding of this Plea Agreement is as set forth in this document.

i.    The Defendant further advises the Court that it is understood that the United States can only make a recommendation which is not binding on the Court.

j.    The Defendant further advises the Court that the Defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Superseding Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the Defendant. However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the court record, and in the presence of counsel.

k.    The Defendant is satisfied that defense counsel has been competent and effective in representing Defendant.

9.    The undersigned attorneys for the United States and for the Defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal

7

Procedure, as Amended. The attorney for the Defendant further advises the Court that the Defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the Defendant has been advised of the Defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the Defendant and the right not to be compelled to incriminate the Defendant; and that if the Defendant pleads guilty, there will not be a further trial of any kind. Further, the Defendant has been advised that if the Defendant pleads guilty, the Court may ask questions about the offense to which the Defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the Defendant in a civil or criminal proceeding, but that the Defendant's answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

10.     The Defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the Defendant's conduct related to the offense to which the plea is offered, as well as the Defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by Defendant's counsel or the U.S. Attorney. In the event that the Court determines the Defendant's offense level or criminal history category is higher than the Defendant anticipated, the Defendant will not have the right to withdraw the plea on that basis.

11.     The Defendant understands that the United States Sentencing Guidelines are advisory. Nevertheless, the sentencing Court will consult and consider the United States Sentencing Guidelines in conjunction with Title 18, United States Code, Section 3553. Pursuant to the Guidelines and Section 3553, the sentencing Court will impose a sentence sufficient, but not greater

8

than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The Court will impose a sentence to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the Defendant, and to provide the Defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

12. Financial Obligations. The Defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The Defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the Defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The Defendant and counsel also agree that the Defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the Defendant's counsel and outside the presence of the Defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the Defendant additionally agrees to the following specific terms and conditions:

a. If so requested by the United States, the Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs.

9

The Defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

           b.      The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

           c.      If so requested by the United States, the Defendant will promptly execute.

13.      In entering a plea of guilty herein, the Defendant further acknowledges that if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

14.      This agreement consisting of 14 numbered paragraphs and 10 pages is the entire agreement and understanding between the Government and the Defendant. There are no other agreements, promises, representations, or understandings.

This _20th_ day of _March_, 2018.

Respectfully submitted,

LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

Ben Baxley
Deputy Criminal Chief

Denise O. Simpson
Assistant United States Attorney

10

I have read the foregoing Plea Agreement, understand the same, and the matters and facts

set forth therein accurately and correctly state the representations that have been made to me and

accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, WILLIAM WHATLEY.

Travis Ian Wells
Defendant

3-20-18
Date

William Whatley
Attorney for the Defendant

3/20/18
Date

11

FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. *1:18cr 20-WKW* |
| | ) | [18 U.S.C. § 1349; |
| LEONARD ANTHONY MAITLAND, | ) | 18 U.S.C. § 1343; |
| NATHANIEL LOUIS PHILON, | ) | 18 U.S.C. § 1029(a) and 2] |
| TRAVIS IAN WELLS. | ) | |
| | ) | |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

INTRODUCTION

1.  At all times material to this Indictment:

Wal-Mart Processing Centers

a.  Walmart is an American multinational retail corporation that operates a chain of discount department stores, and grocery stores.   Walmart's corporate headquarters is located in Bentonville, Arkansas.

b.  When Walmart processes debit or credit card transactions in their stores, these transactions are done electronically and processed through a processing center located in either Arizona, Nebraska, Missouri, or Arkansas.   Walmart does not have any processing centers in the state of Alabama.

Financial Institutions

c.  Bank of America, Bank of Texas, Barclays Bank, are Federal Deposit Insurance Corporation (FDIC) insured banks.   Atlanta Postal Credit Union and Community Choice Credit Unions are National Credit Union Administration (NCUA) insured credit union.   All of the

foregoing entities were "financial institutions" within the meaning of Title 18, United States Code, Section 20.

      d.    Atlanta Postal Credit Union's processing center for debit and credit card transactions is located in the state of Florida.   Bank of America's processing center for debit and credit card transactions is located in the state of Oklahoma.   Bank of Texas' processing center for debit and credit card transactions is located in the state of Georgia.   Community Choice Credit Union's processing center for debit and credit card transactions is located in the state of Ohio.   None of the above listed financial institutions has processing centers in the state of Alabama.

COUNT 1
(Conspiracy to Commit Wire Fraud)

      2.    Beginning on a date unknown, and continuing to on or about November 19, 2017, in Coffee County within the Middle District of Alabama, and elsewhere, Defendants,

LEONARD ANTHONY MAITLAND,
NATHANIEL LOUIS PHILON, and
TRAVIS IAN WELLS

did knowingly, and unlawfully combine, conspire, confederate, and agree together and with other persons whose names are both known and unknown to the grand jury to commit wire fraud, that is, to devise a scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, through the use of the use of interstate wire communications, in violation of Title 18, United States Code, Section 1343.

CONSPIRACY AND ITS OBJECTS

      3.    It was the purpose and object of the unlawful conspiracy for the Defendants

LEONARD ANTHONY MAITLAND,
NATHANIEL LOUIS PHILON, and
TRAVIS IAN WELLS

2

to obtain money and property that they were not entitled to by purchasing pre-paid debit/credit cards and re-encoding them with stolen credit and debit card account information so as to conduct unlawful purchases.

MANNER AND MEANS

4.      It was part of the conspiracy that the defendants and others, known and unknown to the Grand Jury, would and did as follows:

a.      LEONARD ANTHONY MAITLAND, NATHANIEL LOUIS PHILON, and TRAVIS IAN WELLS, and others known and unknown to the Grand Jury would visit Walmart stores and other similar stores which sold pre-paid credit/debit cards to purchase multiple pre-paid credit/debit cards.

b.      LEONARD ANTHONY MAITLAND, NATHANIEL LOUIS PHILON, and TRAVIS IAN WELLS, and others known and unknown to the Grand Jury would use counterfeit debit/credit cards to make these purchases.

c.      After LEONARD ANTHONY MAITLAND, NATHANIEL LOUIS PHILON, and TRAVIS IAN WELLS, and others known and unknown to the Grand Jury purchased theses credit/debit cards they would re-encode these cards in order to make other unauthorized cash withdrawals and purchases.

**Overt Acts in Furtherance of the Conspiracy**

5.      In furtherance of the conspiracy and to effect the objects thereof, Defendants

LEONARD ANTHONY MAITLAND,
NATHANIEL LOUIS PHILON, and
TRAVIS IAN WELLS

3

committed and caused to be committed at least one of the following overt acts in the Middle District of Alabama and elsewhere:

6.    On or about November 19, 2017, NATHANIEL LOUIS PHILON, and TRAVIS IAN WELLS travelled to A Walmart located in Andalusia, Alabama, and then to a Walmart LCOATED in Enterprise, Alabama where they purchased and attempted to purchase multiple pre-paid credit/debit cards.

7.    On or about November 19, 2017, LEONARD ANTHONY MAITLAND, was found to be in possession of approximately three (3) counterfeit re-encoded debit/credit cards.

8.   On or about November 19, 2017, NATHANIEL LOUIS PHILON was found to be in possession of approximately seven (7) counterfeit re-encoded debit/credit cards.

9.   On or about November 19, 2017, TRAVIS IAN WELLS was found to be in possession of five (5) re-encoded credit/debit cards.

10.    On or about November 19, 2017, approximately two-hundred and seventy-six (276) prepaid debit/credit cards were found in the black 2018 Toyota Tundra LEONARD ANTHONY MAITLAND, NATHANIEL LOUIS PHILON, and TRAVIS IAN WELLS drove to Walmart in Enterprise, Alabama.

All in violation of Title 18, United States Code, Section 1349.

COUNTS 2-4
(Wire Fraud Aiding and Abetting)

10.    The factual allegations in paragraphs 1- 10 of Count 1 of this Indictment are incorporated by reference and re-alleged as though fully set forth herein.

11.    On or about the dates listed below, in Coffee County within the Middle District of Alabama, for the purpose of executing and attempting to execute a scheme to defraud, the Defendants

4

LEONARD ANTHONY MAITLAND,
NATHANIEL LOUIS PHILON, and
TRAVIS IAN WELLS

while aiding and abetting each other, knowingly caused and attempted to cause to be transmitted

by means of wire communications in interstate commerce, writings, signs, signals, pictures, and

sounds as described below:

| Count | Date of Wire Transaction | Description of Wire Communication | Location of Transaction |
|-------|--------------------------|-----------------------------------|-------------------------|
| Two | November 19, 2017. | $44.94 transaction using Visa account number -8218. | Walmart in Enterprise, Alabama. |
| Three | November 19, 2017. | $44.94 transaction using Visa account number -7083. | Walmart in Enterprise, Alabama. |
| Four | November 19, 2017. | $44.94 transaction using Mastercard account number -9543. | Walmart in Enterprise, Alabama. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT 5
(Possession of Fifteen or More Counterfeit or Unauthorized Access Devices Aiding and
Abetting)

On or about November 19, 2017, in Coffee County within the Middle District to

Alabama, the Defendants,

LEONARD ANTHONY MAITLAND,
NATHANIEL LOUIS PHILON, and
TRAVIS IAN WELLS

while aiding and abetting each other, did knowingly and with intent to defraud, possess fifteen or

more counterfeit and unauthorized access devices, to wit re-encoded credit cards, said possession

affected interstate and foreign commerce, in that credit/debit card processing centers outside of

the state of Alabama were used.

All in violation of Title 18, United States Code, Sections 1029(a) and 2.

5

## **FORFEITURE ALLEGATION - 1**

A.    The allegations contained in Counts One through Five of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

B.    Upon conviction of the offense in violation of Title 18, United States Code, Section 1349, set forth in Count 1, and Section 1343, set forth in Counts 2 through 5 of this indictment, the Defendants,

LEONARD ANTHONY MAITLAND,
NATHANIEL LOUIS PHILON, and
TRAVIS IAN WELLS

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violation, including, but not limited to, the following:

1.    $11,040.00 seized during the November 19, 2017, search by City of Enterprise Police Department in Enterprise, Alabama.

2.    Judgment in the amount of the loss to the identified victims in this case.

C.    If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendants:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third party;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be divided without difficulty,

6

the United States shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

Foreperson

Louis V. Franklin, Sr.
United States Attorney

Denise O. Simpson
Assistant United States Attorney

Kevin P. Davidson
Assistant United States Attorney

7